## WADE BEANS v. STATE.

No. A-6305. Opinion Filed June 16, 1928.
(268 Pac. 322.)

Rummons & Hughes, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Kiowa county, on the 3d day of March, 1926, on a charge of transporting liquor, and was sentenced to imprisonment in the county jail for a term of 90 days and to pay a fine of $250. Motion for new trial was duly filed and overruled and exceptions saved. From the judgment and sentence, the defendant has appealed to this court.

The testimony on behalf of the state, in substance, is as follows: Sam Standerfer, a deputy sheriff, testified that on the evening of the alleged offense he saw the defendant and a number of other parties in Mountain Park and talked to them; that about 9 or 10 o'clock that night he went out on the road a short distance from Mountain Park and there was a car stopped in the road; he drove by the car 50 or 75 yards, got out, and came back; in coming back he saw the defendant in a little garden patch that had been plowed; he looked like he had something under his coat; when he got near to the defendant, he put something down by a post and started to run; that witness followed the defendant and caught him and called to his son, who accompanied the witness out on the road, to get the whisky that defendant had placed near the post; that he got a half-gallon jar partly filled with whisky.

Other witnesses who accompanied the witness Standerfer testified to seeing the defendant out there and saw the witness catch defendant and bring him back to the road, and that the defendant's son found a half-gallon fruit jar containing whisky where the witness testified he saw the defendant place it.

The defendant as a witness in his own behalf denied having any whisky, and denied knowing that the whisky witness testified was found was there; he says he had gone over to the house to try to get a light bulb for the car and was returning. A number of young men who were at the car in the road, and with whom the defendant had ridden out to the place, testified that so far as they knew the defendant had nothing to do with the whisky.

Bryan Burns testified for the defendant and stated that he was out on the road with Kyle Hardy, a deputy sheriff, the night of the offense, and that he had driven the deputy out there to get some whisky which was out near where the whisky was found. Burns said they were out there when Deputy Sheriff Standerfer came out, and they had a talk with him. Witness Standerfer in rebuttal did not contradict the statement of Burns.

The testimony in this record is conflicting but was sufficient to justify the court in submitting the case to the jury. The jury was the sole judge of the evidence and its weight and the credibility of the witnesses. This court has repeatedly held that, where there was any evidence sufficient to submit the case to the jury, though conflicting, the court would not disturb the verdict. The record fails to disclose any error committed by the court in its instructions or in admission of testimony. It is disclosed by the record that the defendant in this case had not been charged with a conviction of the prohibitory laws or any other law.

After a careful consideration of the record, it seems to the court that the punishment imposed by the jury is excessive and we believe the ends of justice would be best subserved by a modification of the sentence from 90 days in jail and a fine of $250 to 30 days in jail and

$100 fine, and as so modified the judgment and sentence of the trial court is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.